MATTHEW S. FRAZIER, Respondent, v. JAMES STEWART and Another, Appellants.

*Application of payments — evidence sufficient to remove the bar of the Statute of Limitations.*

Upon the trial of an action it was shown that the Statute of Limitations had run against the plaintiff's claim, unless the claim was brought within the statute by certain payments made by the defendants to the plaintiff. The paymaster of the defendants testified that such payments were made by him upon and for two specific items. The evidence offered by the defendants in regard to the circumstances attending such payments was not rebutted by any witness for the plaintiff, and in the plaintiff's books two items were charged for such two amounts on the date just prior to the payment made by the defendants, and directly opposite each was a credit of cash, in amount the same as such items.

The bookkeeper of the plaintiff, who received the payments, admitted that the paymaster of the defendants said something when he made the payments,

but he could not remember what, while the paymaster testified that he said the payments were made upon such two items of credit.

*Held,* that the verdict of the jury in favor of the plaintiff was against the weight of the evidence, and that the bar of the Statute of Limitations was not removed by such payments.

APPEAL by the defendants, James Stewart and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 15th day of March, 1894, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order entered in said clerk's office on the 14th day of April, 1894, denying the defendants' motion for a new trial made upon the minutes.

*Joseph F. Daly,* for the appellants.

*John F. Brennan,* for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon a verdict of a jury for the sum of $1,043.43.

The weight of evidence was decidedly with the defendants that the Statute of Limitations had run against the whole claim except the sum of eighty-four dollars. The only material question upon this point related to two payments made by the defendants within six years previous to the bringing of the suit, and the plaintiff concedes that if those payments were not made on the general account then the statute has barred all except the sum of eighty-four dollars. The claim of defendants was that these two payments, one of twenty-two dollars and the other of seventeen dollars, were made upon and for two specific items. This was sworn to positively by the paymaster of the defendants, and the evidence in regard to the circumstances attending the payment is not rebutted by any witness for the plaintiff; in fact, I think the evidence of the defendants' paymaster is corroborated by the books of the plaintiff, as in the books of plaintiff two items are charged for these same amounts on the date just prior to the payments, and right opposite is a credit of cash; the payments were for the exact amount of the items.

The bookkeeper of plaintiff, who received the payments, admitted that the paymaster said something, but he could not remember what,

while the paymaster testified that he said that the payments were made upon the two items of credit which were for the precise amount and had recently accrued.

Under all the circumstances we think the judgment should be reduced to the sum of eighty-four dollars, and judgment rendered for eighty-four dollars. If the plaintiff shall stipulate to reduce the judgment to that amount then he may have judgment for that amount, without costs, otherwise a new trial is granted.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event, unless plaintiff stipulates within twenty days to reduce the judgment to the sum of eighty-four dollars and interest, in which case the judgment, as reduced, is affirmed, without costs.